UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARCUS M. HENRY,

                Plaintiff,

v.                                                      Case No. 25-cv-220-pp

OFFICER J. BAKER, *et al.*,

                Defendants.

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (DKT. NO. 9) AND GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME (DKT. NO. 10)**

On April 9, 2025, the court ordered that by the end of the day on May 9, 2025, plaintiff Marcus M. Henry must either pay an initial partial filing fee of $47.85 or explain why he could not do so. Dkt. No. 8. The court explained in that order that it had calculated the fee as 28 U.S.C. §1915(b) requires "based on 20% of either the average monthly deposits into the prisoner's account or the average monthly balance in the prisoner's account for the six months preceding the date the complaint was filed, whichever is greater." Id. at 1–2. The plaintiff's trust account showed that although his average monthly balance was $0, he received average monthly deposits of $239.27, so the court used twenty percent of that number to calculate his initial partial filing fee of $47.85. Id. at 2.

On May 5, 2025, the court received the plaintiff's motions for reconsideration and for an extension of time. Dkt. Nos. 9, 10. The plaintiff first

1

Case 2:25-cv-00220-PP   Filed 06/03/25   Page 1 of 6   Document 12

asks the court to reconsider its previous order requiring him to pay the $47.85 initial partial filing fee. Dkt. No. 9. He says that he believes that "the business office [at his prison] mislead [sic] the court into believing the Plaintiff received an average monthly deposit into his account over the last six months when that is not what happened." Id. The plaintiff says that on January 31, 2025 he received a stimulus check of $1,400, but that the entirety of that check went "to satisfy debts and obligations [he] owed for previous filing fees and medical co-pays." Id. He cites "Exhibit 001," but there is no exhibit attached to his motion. Id. The plaintiff says that he does not have "anyway [sic] to pay this filing fee." Id.

Alternatively, the plaintiff asks for an extension of time, although he does not state that the extension he seeks is to pay the $47.85 initial partial filing fee. Dkt. No. 10. The plaintiff says that the librarian at his institution will not e-file his motions and "appears to be trying to intentionally thwart [his] lawsuit." Id. He says that he has written requests to correctional staff and asked them to file papers for him, but that the librarian still insists he did not get the plaintiff's motions. Id. The plaintiff says that because of this "mail tampering" he asked "a friend to mail" his motions to the court. Id.

There is no authority in the Federal Rules of Civil Procedure for a motion for reconsideration, and the plaintiff provides no other authority for his motion. The court construes the plaintiff's motion as a request for the court to waive the requirement that he pay an initial partial filing fee. As the court explained above and in the previous order, the court is required by law to assess an

initial partial filing fee each time an incarcerated person files a case. 28 U.S.C. §1915(b)(1); see also Bruce v. Samuels, 577 U.S. 82, 89–90 (2016). But the court may waive an incarcerated plaintiff's requirement to pay an initial partial filing fee if he lacks both the "assets" and the "means" to pay it. See 28 U.S.C. §1915(b)(4). The Seventh Circuit has explained that "[i]t is not enough that the prisoner lack assets on the date he files." Newlin v. Helman, 123 F.3d 429, 435 (7th Cir. 1997), overruled in part on other grounds by Walker v. O'Brien, 216 F.3d 626, 628–29 (7th Cir. 2000), and Lee v. Clinton, 209 F.3d 1025, 1027 (7th Cir. 2000). If that were the case, an incarcerated litigant could avoid paying the initial partial filing fee by spending what is in his trust account before filing his lawsuit. The court construes an incarcerated person's "means" broadly; an incarcerated person may lack "assets" but still have "means" to pay the fee. See id. ("A prisoner with periodic income has 'means' even when he lacks 'assets.'").

The plaintiff says that he has no means or assets to pay the $47.85 fee. He concedes that he received a $1,400 stimulus check in January 2025, but he says the full amount went toward paying his other debts, including fees from previous lawsuits. The trust account statement that he submitted confirms that the plaintiff received a deposit of $1,400 on January 31, 2025. Dkt. No. 6 at 3. That statement also confirms that the money immediately was taken to pay down the petitioner's outstanding legal fees from his past lawsuits, his outstanding medical copays and debt he owes from a previous legal loan. Id. at 4. Other than that large deposit, the plaintiff has received only small deposits

3

Case 2:25-cv-00220-PP    Filed 06/03/25    Page 3 of 6    Document 12

of around $4 to his trust account. The end balance of his account as of March 31, 2025 was $0.

The plaintiff's trust account statement shows that each time he receives a deposit, including the $1,400 stimulus check, a portion is taken to pay his outstanding filing fees in five previous federal court cases. These automatic withdrawals were no more than the standard 20 percent required under 28 U.S.C. §1915(b). Because the plaintiff has five previous cases, those five withdrawals amounted to 100 percent of each deposit. The Supreme Court has held that §1915(b)(2) "calls for 'monthly payments of 20 percent of the preceding month's income' simultaneously for each action pursued." Bruce, 577 U.S. at 90. Those payments *may not* be made sequentially or consecutively. Id. at 87. This explains why the plaintiff was unable to access the $1,400 stimulus check he received in January 2025.[1]

The plaintiff is responsible for paying the fees associated with his past and pending lawsuits in accordance with §1915(b)(2). It is a fact of litigation that when a plaintiff files more than one lawsuit, the requirement that he pay fees for each of those lawsuits may interfere with his ability to use his income for other purchases or to file additional lawsuits. The plaintiff's trust account statement shows that the reason he does not have funds to pay the initial partial filing fee in this case is because he is paying filing fees from his past

---

[1] The Supreme Court acknowledged the concern that an incarcerated person with five automatic withdrawals would be left with nothing "in the account to pay the sixth fee." Bruce, 577 U.S. at 88. But the Court accepted the Government's position "that this scenario arises infrequently" and determined "that the per-case approach is unproblematic." Id. at 89–90.

cases. Until those fees are paid in full, the prison will continue to deduct from his institutional account every time he receives a deposit, likely leaving him with little to no money to fund future lawsuits (or pay for other things, like commissary).

As explained above, the court may not dismiss a lawsuit filed by an incarcerated person who lacks the ability to pay an initial partial filing fee. 28 U.S.C. §1915(b)(4). But the court "is not required to waive payment of an initial partial filing fee for an incarcerated person who 'does not have the ability to pay the initial partial filing fee . . . because of his past litigation choices.'" Durley v. Pitzlin, Case No. 22-cv-1127, 2022 WL 17047434, at *2 (E.D. Wis. Nov. 17, 2022) (quoting Goodvine v. Adams, Case No. 21-cv-826, 2022 WL 204626, at *2 (E.D. Wis. Jan. 24, 2022)). The court will not waive the requirement that the plaintiff pay an initial partial filing fee in this case because the only reason he cannot afford to pay that fee is that his trust account funds have been depleted to pay the fees that he owes in his past cases. See id.

The court will deny the plaintiff's motion for reconsideration of its previous order. But the court will grant the plaintiff's motion for an extension of time to pay the $47.85 initial partial filing fee. If the plaintiff does not pay that fee by the deadline the court will set below, the court will dismiss this case for his failure to pay the fee, and he still will owe the full $350 filing fee for this case in addition to his outstanding balances of any filing fees from his past cases. See Dkt. No. 8 at 4.

The court **DENIES** the plaintiff's motion for reconsideration. Dkt. No. 9.

The court **GRANTS** the plaintiff's motion for an extension of time. Dkt. No. 10.

The court **ORDERS** that the deadline for the plaintiff to pay the $47.85 initial partial filing fee is **EXTENDED** to the end of the day on **July 3, 2025**. If the court does not *receive* the plaintiff's payment of the $47.85 fee by the end of the day on July 3, 2025, the court will dismiss the lawsuit without prejudice, and the plaintiff still will owe the $350 filing fee.

Dated in Milwaukee, Wisconsin this 3rd day of June, 2025.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**