# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MARCUS M. HENRY,

                Plaintiff,

v.

OFFICER J. BAKER, OFFICER JOHN DOE, and OFFICER JANE DOE,

                Defendants.

Case No. 25-CV-220-JPS

**ORDER**

    Plaintiff Marcus M. Henry, a prisoner incarcerated at Green Bay Correctional Institution, filed a pro se complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights. ECF No. 1. On August 12, 2025, District Judge Pamela Pepper screened Plaintiff's complaint, found it failed to state a claim upon which relief could be granted, and allowed him the opportunity to file an amended complaint. ECF No. 14. The Court warned Plaintiff that the failure to file an amended complaint on or before September 26, 2025, would result in dismissal of the case based on his failure to state a claim and that he would receive a "strike" under 28 U.S.C. § 1915(g). *Id.* On September 24, 2025, the case was transferred to this branch of the court for further proceedings. ECF No. 16. Following an extension of time, Plaintiff failed to file an amended complaint. On October 30, 2025, the Court dismissed Plaintiff's case for the failure to state a claim and entered judgment accordingly. ECF Nos. 19, 20. On November 18, 2025, Plaintiff filed a motion for an extension of time and a motion for reconsideration. ECF Nos. 21, 22.

The Court will deny Plaintiff's motion for reconsideration and motion for an extension of time. Federal Rule of Civil Procedure 59(e) empowers a court to alter or amend a judgment on motion by a party. Fed. R. Civ. P. 59(e). A party may file a motion to alter or amend judgment "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The party seeking relief under this Rule must establish "a manifest error of law or present newly discovered evidence." *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008). Whether to grant a motion to amend a judgment "is entrusted to the sound judgment of the district court," *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996), but the movant must first "clearly establish" his right to relief, *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n.3 (7th Cir. 2001). A party may file a motion for relief from a judgment or order under certain circumstances that include "mistake, inadvertence, surprise, or excusable neglect," or "any other reason that justifies relief." Fed R. Civ. P. 60(b)(1), (6).

"Appeal, not reconsideration, is the time to deal with the majority of legal errors," and only "manifest errors . . . so obvious that no additional explanation is needed or possible" are proper subjects of a Rule 59 motion. *Burney v. Thorn Ams., Inc.*, 970 F. Supp. 668, 671 (E.D. Wis. 1997). Such error "is not demonstrated by the disappointment of the losing party" but instead by "the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)).

Here, Plaintiff's motion does not meet the high burden necessary to succeed. Plaintiff provides that he was in segregation during the time of his deadline and could not timely file. ECF No. 22. The Court is sympathetic to Plaintiff's position; however, the deadline to amend the complaint was

initially September 26, 2025, and the Court gave Plaintiff significant additional time to comply with his obligation. As such, the Court is obliged to deny Plaintiff's motion for reconsideration and motion for an extension.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for an extension of time, ECF No. 21, and motion for reconsideration, ECF No. 22, be and the same are hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 19th day of November, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge